# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> JODIE MURRILL, Personal Representative ) <br> of the Estate of Gary Murrill, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDWEST CES, LLC ) <br> ) <br> Defendant. ) | No. 4:21-cv-00371-DGK |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO SUBSTITUTE RELATOR

This is a qui tam action brought by Relator Jodie Murrill pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., alleging that Defendant Midwest CES, LLC ("Midwest") knowingly submitted false or fraudulent Consultative Examination ("CE") reports to the United States Social Security Administration to obtain payment and approval. Jodie Murrill is represented by the BurnettDriskill firm. Now before the Court is Plaintiff's Motion for Leave to Amend the Complaint to Substitute Relator. ECF No. 27. Plaintiff requests BurnettDriskill be substituted as relator in the event the Court finds Jodie Murrill is not the correct relator. For the following reasons, the motion is DENIED.

**Background**

In 2019, Gary Murrill filed for disability benefits under the Social Security Act and underwent a CE with Midwest, in which his wife Jodie Murrill attended. After reviewing his CE report, the Disability Determination Services Office denied Gary Murrill's disability claim. Gary Murrill sought review before an administrative law judge ("ALJ") but died before his hearing. Jodie Murrill ("Murrill") was substituted as a party in that matter. Through counsel, Murrill

informed the ALJ that Gary Murrill's CE report was inaccurate and that Midwest used boilerplate language in their CE reports. On June 3, 2021, Murrill filed this qui tam action. The Government declined to intervene.

On November 7, 2022, Midwest moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) arguing (1) Murrill's allegations were publicly disclosed in *Ryan v. Kijakazi*, No. 4:19-cv-00772-BP (W.D. Mo. Sept. 23, 2019); and (2) Murrill is not an "original source" of the information.[1] The Court denied the motion without prejudice, finding *Ryan* did not serve as a public disclosure but that limited discovery was necessary to determine whether other public disclosures by BurnettDriskill existed that would bar this case. As such, the Court declined to address whether Murrill qualifies as an "original source" and ordered the parties to conduct limited discovery. *See* Order Denying Mot. to Dismiss at 6 n.1, ECF No. 21.

In doing so, the Court specified that "[i]f, during discovery, Relator determines she is not the appropriate party and wants to amend her complaint, she must file a motion and accompanying brief . . . with pinpoint citations to relevant Eighth Circuit authority explaining why the Court should allow her leave to do so. The brief should explicitly address this question in light of *qui tam* actions and shall be filed on or before May 11, 2023." *Id.* at 10. The Court also stated "[a]ny renewed motion to dismiss must be filed on or before June 1, 2023." *Id.*

On May 11, 2023, Plaintiff filed the present motion to amend the complaint to substitute BurnettDriskill as relator. Midwest did not file a renewed motion to dismiss by the deadline.

## Discussion

As best the Court can tell, Plaintiff raises two alternative arguments in her motion. First, Plaintiff argues Murrrill is the correct relator. Second, if the Court disagrees Murrill is the

---

[1] Although irrelevant here, Midwest also moved to dismiss under Rule 12(b)(5) arguing insufficient service of process, which the Court denied. *See* Order Denying Mot. to Dismiss at 5–6, ECF No. 21.

correct relator, Plaintiff argues BurnettDriskill should be substituted as relator. Defendant argues Murrill is not the correct relator and BurnettDriskill cannot be substituted as relator because doing so violates (1) the FCA's first-to-file rule, (2) the rules of professional conduct; and (3) the prohibition against pro se litigants in qui tam actions.

The Court addresses Plaintiff's initial argument first, i.e., whether Murrill is the proper relator. Plaintiff asserts she is. While Midwest argues otherwise in its suggestions in opposition to the motion to amend, it did not file a renewed motion to dismiss arguing a public disclosure exists or that Murrill is not an "original source." So, based on the current record, it appears the Murrill is the proper relator.[2] This MOOTS the motion to amend, and it is DENIED as such.

Even assuming Murrill is not the correct relator, the Court would still deny the motion to amend. The Court explicitly stated any motion to amend shall provide pinpoint citations to Eighth Circuit authority explaining why the Court should allow leave to amend in light of qui tam actions. *See* Order Denying Mot. to Dismiss at 10. Despite this clear instruction, Plaintiff's brief in support fails to cite authority allowing substitution, or even discussing substitution, in qui tam actions. Instead, Plaintiff argues substitution is proper to recognize BurnettDriskill as the real party in interest under Federal Rule of Civil Procedure 17(a), yet Plaintiff cites no qui tam cases applying Rule 17. *See* Pl.'s Suggestions in Supp. at 2–4, ECF No. 28. Plaintiff also argues BurnettDriskill has standing to bring this suit as an "original source" under § 3730(e)(4)(B)[3] because the Eighth Circuit previously held an association qualified as an "original source" in a qui tam action despite obtaining its knowledge from its members. *See Minnesota Ass'n of Nurse*

---

[2] Midwest can raise the issue in subsequent briefing if, after discovery, it believes Murrill is not the proper relator.

[3] A claimant is an "original source" under § 3730(e)(4)(B) if "he or she (1) has 'direct and independent knowledge of the information on which the allegations are based' and (2) has voluntarily provided the information to the 'Government' before filing the qui tam suit." *Minnesota Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1048 (8th Cir. 2002).

3

*Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1048–51 (8th Cir. 2002). The Court, however, finds the relationship between an association and its members distinguishable from the relationship between a law firm and its present clients, especially in light of the unique ethical and professional obligations attorneys owe their clients. And regardless, *Allina* did not address relator substitution. Lastly, Plaintiff's reply brief fares no better. The only substitution case it cites is not binding on this Court. *See In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228 (3d Cir. 2020).

At bottom, Plaintiff's motion and accompanying briefs lack support for her argument that BurnettDriskill can be substituted as relator, and it is not the Court's job to research the law for the parties. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008). For these reasons, Plaintiff's motion to amend is DENIED.

**IT IS SO ORDERED.**

Date:  November 7, 2023                 /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT