IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JODIE MURRILL, Personal Representative of the Estate of Gary Murrill, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:21-cv-00371-DGK |
| MIDWEST CES, LLC | ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING REQUEST FOR LEAVE TO FILE AMICUS CURIAE BRIEF

This is a qui tam action brought by Relator Jodie Murrill pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., alleging Defendant Midwest CES, LLC knowingly submitted false or fraudulent Consultative Examination ("CE") reports to the United States Social Security Administration to obtain payment and approval. Now before the Court is non-party Nevada Smith's pro se Request for Leave to File an *Amicus Curiae* Brief. ECF No. 20.

Nevada Smith claims to have "unique information and perspective" on this case and seeks to "break[] the government['s] conspiracy of silence." Mot. at 2. Defendant opposes the request, claiming Nevada Smith—also known as Michael L. Buesgens—is a "known litigation intermeddler who routinely attempts to intervene in cases across the country to which Smith has absolutely no connection" and has been barred from filing frivolous motions in multiple jurisdictions. Df.'s Suggestions in Opp'n at 1, ECF No. 22 (citing cases); *see, e.g.*, *Equal Emp. Opportunity Comm'n v. Advanced Home Care, Inc.*, No. 17-CV-00646, 2019 WL 13249329, at *1 (M.D.N.C. June 28, 2019) (noting Smith "is a serial litigant who frequently files frivolous actions in federal courts and is subject to a nationwide injunction based on his extensive history

of frivolous filings" and warning that future filings may result in Rule 11 sanctions); *Ryan v. ELN Enters., et al.*, 22-cv-00736-HFS at 18–20 (W.D. Mo. April 10, 2023) (noting Smith is a "frequent filer" and denying leave to file an *amicus* brief).

The Court has broad "discretion to permit an *amicus curiae* to participate in a pending action." *Flaws v. Akal Sec., Inc.*, No. 19-06140-CV-SJ-GAF, 2020 WL 3317611, at *1 (W.D. Mo. June 18, 2020). While "[n]o statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief," courts consider the following factors: "(1) whether the information offered through the *amicus* brief is timely and useful; and (2) whether the [entity or individual] seeking to file the *amicus* brief is an advocate for one of the parties." *Id.* (quotation omitted). Courts are split on whether "to permit the participation of an *amicus* who acts primarily as an advocate for one party." *Id*. (quotation omitted).

Here, Smith's one-page request fails to identify any information that may be useful to the Court, and Smith is advocating purely for Plaintiff. This, in addition to his reputation as a frequent filer across the country, warrants denying Smith's request for leave. In line with other courts across the country, this Court warns Smith that future frivolous filings related to this case may result in Rule 11 sanctions. Accordingly, Smith's request for leave is DENIED.

**IT IS SO ORDERED.**

Date:   December 18, 2023            /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT