UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) | | |
| JODIE MURRILL, Personal Representative ) | | |
| of the Estate of GARY MURRILL, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 4:21-cv-00371-DGK | |
| ) | | |
| MIDWEST CES, LLC, ) | | |
| ) | | |
| Defendant. ) | | |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW Relator Jodie Murrill ("Murrill"), on behalf of Plaintiff United States of America, and pursuant to Fed. R. Civ. P. Rule 15(a), moves the court to grant her leave to file an amended complaint which corrects the name of the defendant. In support of her motion, Murrill states as follows:

I. FACTUAL BACKGROUND

This is a *qui tam* action in which Murrill alleges that Midwest CES, LLC ("Midwest CES") submitted false claims for payment to the federal government in connection with preparing and submitting reports of and invoices for Consultative Examinations ("CEs") performed of Social Security Disability claimants. The invoices submitted to the government for payment state that they are issued by "Midwest CES."

In her initial complaint, Murrill named Midwest CES as the defendant entity that submitted the allegedly false claims. Following the parties' Fed. R. Civ. P. 26 initial conference,

1

Murrill served discovery to Midwest CES, including interrogatories. On January 8, 2024, interrogatory answers were provided. Answers to interrogatories 1, 2, and 4 stated as follows:

> 1. Identify the person answering these Interrogatories on behalf of the Defendant by stating such person's name, residential address, phone number and relationship to Defendant.
>    **ANSWER:** Jacob Johnsen, 12 W 3100 S., Bountiful, Utah 84010, 801-856-2785, Owner/President
>
> 2. Identify the name, address, and title of each officer, director, member, and/or shareholder of Defendant.
>    **ANSWER:** Jacob Johnsen is the sole officer, director, member, and/or shareholder of ELN Enterprises, LLC (hereafter "ELN"), formerly doing business as Midwest CES.
>
> 4. Identify all entities other than Defendant owned or controlled by Jacob Johnsen related to conducting Consultative Examinations for the Social Security Administration and/or any designee of the Social Security Administration (e.g., Disability Determination Services entities.)
>    **ANSWER:** Jacob Johnsen controls ELN, which was previously doing business as Midwest CES, and which now does business as Summit Medical Exams. Jacob Johnsen controls no other entities related to the conducting of CEs for the SSA and/or DDS.

When Murrill filed her initial complaint, ELN Enterprises, LLC ("ELN") was doing business as Midwest CES. It has since changed the fictitious name of the operation to "Summit Medical Exams." Although the initial complaint named Midwest CES as the defendant, Jacob Johnsen, the sole officer, director, member, and/or shareholder of ELN, was personally served with a copy of it. (Doc. 10).

Also since the filing of the initial complaint, ELN has been sued in other cases involving its performance of CEs for the Social Security Administration. (*See, e.g.* Jackson County,

2

Missouri Circuit Court Case Nos. 2216-CV20781 and 2216-CV29082). In those cases, ELN has been represented by the same counsel who represents Midwest CES in this action.

The scheduling and trial order entered in this case provides that motions to join additional parties or to amend the pleadings must be filed on or before February 2, 2024.

On January 30, 2024, Murrill's counsel sent an email to counsel for Midwest CES advising of an intent to file an amended complaint which merely changed the name from Midwest CES to ELN Enterprises and requesting written consent to do so. Midwest CES' counsel responded on the same day and advised that he did not object to the filing of such an amended complaint. Having secured the written consent of Midwest CES' counsel, Murrill filed the amended complaint on the same day. (Doc. 50).

On January 31, 2024, the Court entered an Order requiring Murrill to file a motion for leave to amend the pleadings. Murrill asks that leave be granted to file an amended complaint to correct the misnomer of the proper entity. She offers that this motion is not made in bad faith or with any dilatory motive and is timely, will not result in any undue prejudice, and will not be futile as the proposed amended complaint asserts the same claims as those asserted in the initial complaint. Although the amended complaint has already been filed (Doc. 50) and has already been reviewed by the Court, Murrill attaches another copy of it to this motion, as L.R. 15.1(a) ordinarily requires.

II. ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 15(a) addresses the procedure for amending pleadings before trial and provides that a party may amend its pleading "with the opposing party's written consent *or* the court's leave." (Emphasis supplied.) These are disjunctive statements. Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." Here, Murrill filed

3

the amended complaint after obtaining Midwest CES' written consent. Murrill now requests leave for the reasons expressed below.

Rule 15's mandate that leave should be freely given is to be heeded. *Foman v. Davis*, 371 U.S. 178 (1962). In exercising its discretion in considering motions for leave, the district court is to consider the following factors:

(1) whether the motion was filed in bad faith or with dilatory motive:

(2) whether the motion was filed with undue delay;

(3) whether leave to amend would be unduly prejudicial to the opposing parties; and

(4) whether the proposed amendment would be futile.

*Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman*, *supra* at 182). Further, this District has found that motions for leave filed before the deadline to do so set forth in the scheduling order should be given favorable consideration. *Alexander v. AllianceOne Receivables Management, Inc.*, 309 F.Supp.3d 709, 710 (W.D. Mo. 2015).

The Eighth Circuit has also recognized that in considering whether leave should be granted to amend a pleading there is a distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name. *See, e.g. Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000). The latter constitutes a "misnomer," and has been applied to situations where the plaintiff has sued a corporation but misnamed it. *Id*. at 778. The misnomer principle has been extended to complaints that named a corporation instead of a partnership, a parent corporation instead of a subsidiary, a building instead of its corporate owner, and a corporation in liquidation instead of its successor. *Id*. (citing *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1301–02 (2d Cir.) (parent-subsidiary), *cert. denied*, 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990); *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1146–47 (5th Cir.1970)

4

(building-corporate owner); *Travelers Indem. Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103 (10th Cir.1967) (parent-subsidiary); *Shoap v. Kiwi S.A.*, 149 F.R.D. 509 (M.D.Pa.1993) (successor corporation); *Dunham v. Innerst*, 50 F.R.D. 372 (M.D.Pa.1970) (corporation-partnership); *Adams v. Beland Realty Corp.*, 187 F.Supp. 680 (E.D.N.Y.1960) (same).

Relevant considerations in determining whether leave should be granted in misnomer situations also include whether the claims asserted in the proposed amended complaint are the same claims asserted in the initial complaint, and whether the correct defendant entity received actual notice of the original suit. *Roberts*, supra at 779. In *Roberts*, for example, leave to amend was found to be proper where the president and general manger of the correct corporate entity was personally served with a copy of the initial complaint, which named a fictitious entity created by the correct entity. *Id*. Courts may also consider whether the proper entity created the potential for confusion by doing business under a fictitious name. *Id*.

The factors and considerations for granting leave are satisfied here. Murrill's motion is not made in bad faith or for any dilatory motive. Instead she seeks merely to correct the name of the entity against whom her claims are asserted by naming ELN, who did business under the name Midwest CES. There exists no dilatory motive because granting the motion will have no effect on the progression of the case or interfere with the March 17, 2025 trial setting. The proposed amended complaint does not seek to add a completely new party who is a stranger to the proceedings. In fact, ELN has been a defendant in other cases involving issues related to its CE activity and has been represented by the same counsel who represents Midwest CES in this action. Further, Murrill's motion is timely and has been presented to the Court prior to the deadline set forth in the scheduling order for such motions. Granting leave to amend will not

5

result in any undue prejudice. While the initial complaint named Midwest CES, LLC as a defendant, it was personally served on Jacob Johnsen, the sole officer, director, member, and/or shareholder of ELN Enterprises, LLC. Further, Midwest CES's counsel, who also represents ELN, has consented to the filing of the amended complaint. Finally, the proposed amendment would not be futile. It merely corrects the name of the defendant and does not assert new or additional claims or legal theories.

In its Order, the Court directed that Murrill's motion for leave "shall include pinpoint citations to binding case law and authority demonstrating her ability to do so in False Claims Act actions" because it appeared to the Court that Murrill's amended complaint implied a desire to name a new defendant in this case. (Doc. 51). Murrill seeks to correct a misnomer by substituting "ELN Enterprises" for "Midwest CES."

Murrill's request to amend her pleading is based on Rule 15, which applies to all civil actions before federal courts, including False Claims Act actions. *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 435 (2023) ("The Federal Rules are the default rules in civil litigation" and "nothing in the FCA suggests that Congress meant to exempt qui tam actions from the voluntary dismissal rule. To the contrary, the FCA's many references to the Rules suggest their application is the norm.") Research has not revealed a False Claims Act opinion specifically addressing whether it is an abuse of discretion to refuse to allow a plaintiff to amend her pleading to correct a misnomer of the defendant, and when leave is sought before the deadline to request leave has expired. However, the Eighth Circuit has consistently followed *Polansky*, *supra*, and recognized that Rule 15 applies to False Claims Act actions. See, e.g., *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) ("[T]he district court 'should freely give leave [to amend] when justice so requires'" but that there is not an "absolute

6

or automatic right to amend a deficient FCA Complaint"). *Roop* involved a post-judgment request to amend the complaint to cure pleading deficiencies in the original. *Id*. Further, *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc*, 441 F.3d 552 (8th Cir. 2006) also confirmed that Rule 15 applies to False Claims Act actions. *Id*. at 557. *Joshi* involved a request for leave to file an amended complaint to cure a deficiency in particularity of pleading and that was made in response to a motion to dismiss for failure to state a claim. *Id*. at 555. The Court held that refusing to grant leave for the amended pleading was not error in part because the proposed amendments did not cure the pleading deficiencies. *Id*. at 558. *Olson v. Fairview Health Services of Minnesota*, 831 F.3d 1063 (8th Cir. 2016) held that the district court did not abuse its discretion in denying a motion to amend a False Claims Act complaint for the third time. *Id*. at 1075. Other Eighth Circuit cases have applied Rule 15 to a plaintiff's request for leave to amend a False Claim Act complaint, but not in the situation involved here. *See, e.g., U.S. ex rel. Raynor v. National Rural Utilities Co-op. Finance, Corp*. 690 F.3d 951 (8th Cir. 2012) (denying fourth motion to amend not an abuse of discretion because plaintiff's request failed to follow local procedural rule and failed to explain the proposed amendments, and because amendments would be futile); and *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748 (8th Cir. 2005) (denying motion to amend was not an abuse of discretion when no proposed amended pleading is submitted and when the amendments would be futile).

  Following Rule 15(a)(2), Murrill received written consent to file her amended complaint before doing so. In addition, the factors that the Eighth Circuit considers in applying Rule 15 and requests for leave to amend pleadings are satisfied. Murrill's request for leave is timely, will not result in prejudice, and the amended pleading is not futile.

7

WHEREFORE, Murrill prays the court to grant her leave to file an amended complaint for the above and foregoing reasons.

Respectfully submitted,

**BURNETTDRISKILL, Attorneys**

*/s/ Derrick A. Pearce*
Derrick A. Pearce MO #42793
Kyle H. Sciolaro   MO #64568
103 W. 26th Ave., Ste. 290
North Kansas City, MO 64116
P: 816.781.4836
F: 816.792.3634
dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com

***ATTORNEYS FOR RELATOR***

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2024, a true and accurate copy of the above and foregoing was filed through the CM/ECF system, which provided notice to all counsel who have appeared in the action. In addition, a copy was emailed to counsel for Defendant at djermann@atllp.com.

*/s/ Derrick A. Pearce*
Derrick A. Pearce